QUESTION: May the Hillsborough County Board of County Commissioners appoint one of its own members to the Hillsborough County Industrial Development Authority?
SUMMARY: A member of a county industrial development authority created pursuant to s. 159.45, F.S., is not an officer within the purview of the dual officeholding prohibition contained in Art. II, s. 5(a), State Const. However, an appointment by a board of county commissioners of one of its own members as a member of that county's industrial development authority would be contrary to the common-law rule that all officers who have the appointing power are disqualified for appointment to the offices or positions to which they may appoint, as well as the common-law rule prohibiting the holding of two incompatible positions in the public service. Article II, s. 5(a), State Const., provides in pertinent part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ." However, it was stated in AGO 073-47 that [I]t has long been settled that officers of a special district or authority which has been created by statute to perform a special state or county function are not state, municipal, or county officers within the meaning of the constitution. Accord: Attorney General Opinions 069-49 and 071-324. In the instant situation, I assume that the Hillsborough County Industrial Development Authority was created pursuant to s. 159.45(1), F.S., of the Florida Industrial Development Financing Act. That section provides in part that In each county, there is hereby created a local governmental body as a public body corporate and politic to be known as "!mLN!x County Industrial Development Authority," hereafter referred to as "authority" or "authorities." Each of the authorities is constituted as a public instrumentality for the purposes of industrial development, and the exercise by an authority of the powers conferred by ss. 159.44-159.53 shall be deemed and held to be the performance of an essential public purpose and function. No authority shall transact any business or exercise any power hereunder until and unless the county commission by proper resolution shall declare there is a need for an authority to function in such county. . . . Applying the language of AGO 073-47, quoted supra, it would appear that a county industrial development authority created pursuant to the foregoing provision is an "authority which has been created by statute to perform a special state or county function. . . ." Thus, I am of the opinion that members of the Hillsborough County Industrial Development Authority are not officers within the purview of the constitutional dual officeholding prohibition contained in Art. II, s. 5(a), State Const. However, even though the constitutional dual officeholding prohibition would not be applicable here, common-law rules that are still in effect in this state stand in the way of the contemplated appointment. As stated in AGO 070-46: At common law, all officers who have the appointing power are disqualified for appointment to the offices or positions to which they may appoint. [citations] The reason for the public policy rule in this respect has been variously stated: In Wood v. Whitehall, 1923, 197 N.Y.S. 789, the court said that such an appointment is against good conscience and public morals; in Hetrich v. County Commissioners of Anne Arundel County, Md. 1960,159 A.2d 642, 645, the prohibition was grounded on the need for impartial action without suspicion of bias; and in Ehlinger v. Clark, 8 S.W.2d 666, the court said that the rule was based on "the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body. . . ." It was also stated therein that the common-law rule of incompatibility which prohibits a person from holding two incompatible positions in the public service . . . lies in a conflict between the duties and functions of the two offices, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other. [citations] Accord: Attorney General Opinion 072-348, holding that a city council may not appoint one of its own members as chief of police; and AGO 073-359, holding that a county commission may not appoint one of its own members to serve as supervisor of a water and sewer district. In the instant situation, s. 159.45(3), F.S., provides that members of a county industrial development authority shall be appointed by that county's board of county commissioners. It can thus be seen that an appointment by the Hillsborough County Board of County Commissioners of one of its own members to the Hillsborough County Development Authority would be contrary to the common law and public policy. This is especially true in light of the facts that any member of the authority may be removed by the commission for misfeasance, malfeasance, or willful neglect of duty, s. 159.45(3), thereby subjecting the authority members to some degree of supervision by the commission and that the commission may levy ad valorem taxes in an amount not to exceed 1 mill annually to aid the authority in performing the latter's functions, s. 159.48, id., thereby conceivably inviting a clash of commission and authority duties. Accordingly, your question is answered in the negative.